UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THADDEUS TAYLOR,<br>　　*Plaintiff*,<br>　　*v.*<br>SALVATION ARMY ARC—HARTFORD, *et al.*,<br>　　*Defendants.* | Civil No. 3:11cv804 (JBA)<br><br>March 5, 2015 |

**RULING REGARDING PLAINTIFF'S
NOTICE OF APPEAL**

On February 19, 2015, Plaintiff filed [Doc. # 69] a notice of interlocutory appeal in this case, purporting to appeal the Court's ruling of February 5, 2015 that Plaintiff's complaint was limited to a claim for retaliation for protected activity opposing employment discrimination only but not the underlying claims of discrimination contained in the CHRO complaint that he claims he was retaliated against for filing. (*See* Endorsement Order [Doc. # 61] ¶ 2.) As set forth below, there is plainly no appellate jurisdiction at this time and therefore the Court will retain jurisdiction over this case and proceed to trial as scheduled.

I.　　**Background**

During the pretrial conference of February 5, 2015, the Court ruled that "Plaintiff will be limited to presenting evidence regarding the retaliation allegations" of his Second CHRO Complaint and the discrimination claims of his "First CHRO Complaint are not a part of this case" because Plaintiff obtained a release of jurisdiction from the CHRO for the Second CHRO Complaint only before filing the Complaint in this Court and specifically asked the CHRO to retain jurisdiction over the First CHRO Complaint.

(Endorsement Order ¶ 2.)  Additionally, the Complaint filed in this Court cited only the Second CHRO Complaint and stated claims for retaliation only.[1]  (*Id.* ¶ 2 & n.1.)

On February 20, 2015, the Court denied [Doc. # 68] Plaintiff's Motion for Reconsideration [Doc. # 63] of the Endorsement Order and his Motion [Doc. # 62] to Continue the Trial Date, concluding that Plaintiff improperly sought to "relitigate matters already decided" and that there was no need to postpone trial given that the Court had clearly explained to Plaintiff the scope of his remaining claim.  (Ruling on Mots. for Reconsideration and to Continue [Doc. # 68] at 3–4.)  One of Plaintiff's arguments for seeking a continuance of the trial date was that he needed time to pursue an interlocutory appeal.  (Pl.'s Mot. Continue at 2.)  The Court explained:

> If Plaintiff wishes to appeal the Court's ruling, he must wait for final judgment to enter.  *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."); *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430 (1985) ("In § 1291 Congress has expressed a preference that some erroneous trial court rulings go uncorrected until the appeal of a final

---

[1] Plaintiff has now filed [Doc. # 77] a second Motion for Reconsideration of the Court's ruling limiting Plaintiff's complaint to the retaliation claims, attaching for the first time a January 26, 2011 letter he wrote to the EEOC which he contends shows that he "specifically requested the right to sue for all his claims."  (Pl.'s Mot. at 2 & Ex. B.)  Plaintiff does not attach any response from the EEOC and still has not shown that he actually obtained a right to sue letter from the agency for the discrimination claims before filing suit in this Court.  Plaintiff's Complaint attaches only a May 12, 2011 right to sue letter for EEOC No. 16A-2010-00510 (Ex. A to Compl. [Doc. # 1]), which is the retaliation, not discrimination, claim.  (*See* CHRO Admin. Dismissal (indicating that CHRO No. 1010252 (First CHRO Complaint) and EEOC No. 16A-2010-00452 are the same complaint), Ex. F to Defs.' Trial Mem. [Doc. # 50]; *see also* First & Second CHRO Complaints, Exs. A & B to Defs.' Trial Mem.)  Therefore, Plaintiff has still not shown that he received a right to sue letter from the EEOC for his discrimination claims before filing the Complaint in this action and therefore his Motion for Reconsideration is denied.

judgment, rather than having litigation punctuated by 'piecemeal appellate review of trial court decisions which do not terminate the litigation.'" (quoting *United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 265 (1982)).

(Ruling on Mots. for Reconsideration and to Continue at 4 n.1.)[2]

## II.    Discussion

The Court does not lack jurisdiction over this case due to the filing of Plaintiff's Notice of Appeal in which Plaintiff asked the Second Circuit to stay these proceedings pending the resolution of the appeal.   While generally, "the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction, as to any matters involved in the appeal, from the district court to the court of appeals," the Second Circuit has held that a party cannot be allowed "arbitrarily to halt the district court proceedings by filing a plainly unauthorized notice which confers on [the Court of Appeals] the power to do nothing but dismiss the appeal" and therefore district courts retain jurisdiction where a notice of appeal is plainly frivolous.  *Leonhard v. United States*, 633 F.2d 599, 609-11 (2d Cir. 1980); *see also KB Dissolution Corp. v. Great Am. Opportunities, Inc.*, 705 F. Supp. 2d 326, 328 (S.D.N.Y. 2010) ("[D]istrict courts are not deprived of jurisdiction by the filing of untimely or manifestly defective appeals and appeals from non-appealable orders."). Final judgment has not entered in this case and there are no grounds for Plaintiff to seek

---

[2] Plaintiff's handwritten Notice of Appeal is dated February 19, 2015, the day before the Ruling on the Motion for Reconsideration was issued, but the Notice of Appeal was not entered on the Court's docket until February 23, 2015.   (*See* Doc. # 69.) Therefore, the Court was not yet aware that Plaintiff had actually filed a notice of appeal when it ruled on his Motion to Continue Trial Date and likewise Plaintiff had not yet received this guidance from the Court that there is no appellate jurisdiction before final judgment enters.

an appeal of the Court's Endorsement Order at this point.  Therefore, the Notice of Appeal does not divest this Court of jurisdiction and the case will proceed to trial as originally scheduled.

Once final judgment enters after trial, Plaintiff will have the opportunity to appeal the Court's ruling limiting this case to his retaliation claims and, if Plaintiff were to prevail on this appeal, presumably he could seek a new trial on these separate claims.  In sum, Plaintiff will have the opportunity to argue before the Court of Appeals that he should have been given the opportunity to try his discrimination claims, but he can only seek this remedy after this Court enters final judgment.


IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 5th day of March, 2015.